# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **FREDEAL TRUIDALLE, #K79979,** | ) |
|             **Plaintiff,** | ) |
| vs. | ) Case No. 19-cv-00743-SMY |
| **WARDEN BROOKHART,** | ) |
| **ROB JEFFREYS,** | ) |
| **C/O PIPER,** | ) |
| **LT. OCHS,** | ) |
| **C/O FISHER,** | ) |
| **C/O HICKS,** | ) |
| **C/O VAUGHN,** | ) |
| **C/O CRAWFORTH,** | ) |
| **JOHN/JANE DOE, and** | ) |
| **C/O WEST,** | ) |
|             **Defendants.** | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Fredeal Truidalle, an inmate of the Illinois Department of Corrections ("IDOC") currently incarcerated at Menard Correctional Center ("Menard"), brings this action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. Plaintiff asserts medical and property claims related to the deprivation of his personal property while he was in segregation. (Doc. 1). He seeks monetary damages. (*Id.*).

This case is now before the Court for preliminary review of the Complaint under 28 U.S.C. § 1915A, which requires the Court to screen prisoner Complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

**The Complaint**

Plaintiff makes the following allegations in his Complaint: Plaintiff was taken to Lawrence segregation on February 26, 2017under investigation. (Doc. 1, p. 7). He was walked to segregation without his eyeglasses and dentures. (*Id.*). Plaintiff told C/O West and C/O Crawforth that he needed his eyeglasses and dentures. (*Id.*). He also told them that he could not eat without his dentures. (*Id.*). C/O West told Plaintiff to send a request to personal property but not to expect anything from them because they do not care about segregation property. (*Id.*). Plaintiff filed a grievance. (*Id.*) He also filed several requests with mental health and internal affairs. (*Id.*).

While he was deprived of his dentures, Plaintiff had digestion and constipation issues because he was unable to properly chew his food. (*Id.*). Also, he could not see properly without his eyeglasses. (*Id.*). He was without his eyeglasses and dentures until May 27, 2017. (*Id.*).

Based on the allegations in the Complaint, the Court finds it convenient to divide the action into the following Counts:

> **Count 1:** **Eighth Amendment deliberate indifference to serious medical needs claim against Defendants because Plaintiff had difficulty eating without his dentures resulting in digestion and constipation issues and he could not see properly without his eyeglasses.**
>
> **Count 2:** **Property loss claim for the three months Plaintiff was without his dentures and eyeglasses.**

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designations do not constitute an opinion regarding their merit. **Any other intended claim that has not been recognized by the Court is considered dismissed without prejudice as inadequately pleaded under the *Twombly***

**pleading standard.**[1]

**Preliminary Dismissals**

Defendants Warden Brookhart, IDOC Director Jeffreys, C/O Hicks, C/O Vaughn, and John/Jane Doe are not referenced in the statement of claim. Under Federal Rule of Civil Procedure 8, the Complaint must include a short, plain statement of the case against each individual. Merely naming a party in the caption of a Complaint is not enough to state a claim against him. *Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). Because Plaintiff failed to allege specific acts of wrongdoing by these individuals, the personal involvement requirement necessary for Section 1983 liability is not met. *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995).

Additionally, Warden Brookhart and IDOC Director Jeffreys cannot be held liable based solely on their positions as administrators as the doctrine of *respondeat superior* does not apply to section 1983 actions. *Chavez v. Illinois State Police*, 251 F.3d 612, 651 (2001); *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001). Accordingly, Warden Brookhart, IDOC Director Jeffreys, C/O Hicks, C/O Vaughn, and John/Jane Doe are **DISMISSED** without prejudice.

**Discussion**

**Count 1**

Plaintiff alleges he had difficulty eating without his dentures, which resulted in digestion and constipation issues, and he could not see properly without his eyeglasses. To state an Eighth Amendment claim for deliberate indifference to a serious medical need, an inmate must show that (1) he suffered from an objectively serious medical condition; and (2) the defendant was deliberately indifferent to a risk of serious harm from that condition. *Rasho v. Elyea*, 856 F.3d 469, 475-76 (7th Cir. 2017). The subjective component of the claim requires Plaintiff to

---

[1] An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

demonstrate that each Defendant responded to a medical condition with deliberate indifference. *See Berry v. Peterman*, 604 F.3d 435, 440-41 (7th Cir. 2010); *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005).

Plaintiff has not pled sufficient facts to establish that any defendant was aware of any ongoing medical issues he experienced because he was deprived of his dentures and/or eyeglasses. He alleges that on the day he was moved to segregation and separated from his property, he told C/O West and C/O Crawforth that he needed his dentures to eat. C/O West allegedly told him to send a request to personal property. While C/O West and C/O Crawforth were seemingly unsympathetic, there are no facts alleged indicating they were aware of the deprivation of his property, or any related medical issues over the next three months.

Further, Plaintiff makes only conclusory allegations against the other defendants. He alleges C/O Piper inventoried his dentures and sent them to personal property. (Doc. 1, p. 2). He alleges that he sent a request to Lt. Ochs to help get his dentures but does not allege when he sent the request or whether he informed him of his ongoing medical issues. (*Id.*). He alleges C/O West told him that C/O Fisher was putting him on Lawrence special treatment for his IDR reports and the investigation that sent him to segregation. (*Id.*, p. 3). None of these allegations suggest deliberate indifference. Accordingly, Count 1 will be dismissed without prejudice.

**Count 2**

Plaintiff alleges that he was without his dentures and eyeglasses for approximately three months. To state a property loss claim under the Fourteenth Amendment, Plaintiff must establish a deprivation of liberty or property without due process of law. Additionally, if the state provides an adequate remedy, Plaintiff has no civil rights claim. *Hudson v. Palmer*, 468 U.S. 517, 530–36 (1984) (availability of damages remedy in state claims court is an adequate, post-deprivation

4

remedy). In that vein, the Seventh Circuit has found that Illinois provides an adequate post-deprivation remedy in an action for damages in the Illinois Court of Claims. *Murdock v. Washington*, 193 F.3d 510, 513 (7th Cir. 1999); *Stewart v. McGinnis*, 5 F.3d 1031, 1036 (7th Cir. 1993); 705 Ill. Comp. Stat. 505/8 (1995). Thus, Plaintiff must pursue any claims for the loss of his property in the Illinois Court of Claims; Count 2 will be dismissed with prejudice.

## Motion for Recruitment of Counsel

Civil litigants do not have a constitutional or statutory right to counsel. *Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007). Under 28 U.S.C. § 1915(e)(1), however, the Court has discretion to recruit counsel to represent indigent litigants in appropriate cases. *Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). When deciding whether to recruit counsel for an indigent litigant, the Court must consider (1) whether the indigent plaintiff has made reasonable attempts to secure counsel on his own, and, if so, (2) whether the difficulty of the case exceeds the plaintiff's capacity as a layperson to coherently present it. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (citing *Pruitt*, 503 F.3d at 654).

Plaintiff states that he has written to thirteen attorneys, but he has not provided any responses from those attorneys. The Court finds that, while responses to Plaintiff's requests are pending, the recruitment of counsel is premature. Moreover, given the early stage of the litigation, it is difficult to accurately evaluate the need for assistance of counsel. *Kadamovas v. Stevens*, 706 F.3d 843, 845 (7th Cir. 2013). Accordingly, the Motion for Recruitment of Counsel (Doc. 3) will be denied without prejudice. Plaintiff may renew his request at a later date. If Plaintiff does renew his request, he should give the Court rejection letters from at least three attorneys to prove that he has made reasonable efforts to obtain counsel on his own. He should also explain the reasons he believes he is unable to represent himself.

**Disposition**

**IT IS HEREBY ORDERED** that this matter does not survive 28 U.S.C. § 1915A review, and the Complaint is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Recruitment of Counsel (Doc. 3) is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff is **GRANTED** leave to file a First Amended Complaint on or before **December 5, 2019**. Should Plaintiff decide to file a First Amended Complaint, he should identify each defendant in the case caption and set forth sufficient allegations against each defendant to describe what the defendant did or failed to do to violate his constitutional rights. A successful complaint generally alleges "the who, what, when, where, and how ...." *DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990). Plaintiff should attempt to include the relevant facts of his case in chronological order, inserting each defendant's name where necessary to identify the actors and each defendant's actions. The First Amended Complaint should comply with Rule 8 and *Twombly* pleading standards.

If Plaintiff fails to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The dismissal shall count as one of Plaintiff's three allotted "strikes" under 28 U.S.C. § 1915(g).

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1

(7th Cir. 2004). The Court will not accept piecemeal amendments to the original Complaint. Thus, the First Amended Complaint must stand on its own, without reference to any previous pleading, and Plaintiff must re-file any relevant exhibits he wishes the Court to consider. The First Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A.

If Plaintiff decides to file a First Amended Complaint, it is strongly recommended that he use the civil rights complaint form designed for use in this District. He should label the form, "First Amended Complaint," and he should use the case number for this action (No. 19-cv-00743-SMY). To enable Plaintiff to comply with this Order, the **CLERK** is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether Plaintiff elects to file a First Amended Complaint. See 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than 7 days after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: November 4, 2019**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**