**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **FREDEAL TRUIDALLE,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No.  19-cv-00743-SMY |
| ) | |
| ) | |
| **WARDEN BROOKHART, ROB** ) | |
| **JEFFREYS, C/O PIPER, C/O** ) | |
| **CRAWFORTH, C/O WEST, FISHER,** ) | |
| **NURSE MRS.  K., JANE DOE #1 NURSE** ) | |
| **PRACTITIONER, JOHN DOE #1 HEAD** ) | |
| **OF INTEL, JOHN DOE #2 MEDICAL** ) | |
| **DIRECTOR, and WEXFORD HEALTH** ) | |
| **SOURCES, INC.,** ) | |
| ) | |
| **Defendants.** ) | |

## **MEMORANDUM AND ORDER**

**YANDLE, District Judge:**

Plaintiff Fredeal Truidalle, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Menard Correctional Center, brings this action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights while he was housed at Lawrence Correctional Center ("Lawrence").  He alleges that Defendants denied him access to his eyeglasses and dentures while in segregation.  He asserts claims under the Eighth Amendment and Illinois state law and seeks monetary damages.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A.  Under Section 1915A, the Court is required to screen prisoner Complaints to filter out non-meritorious claims.  *See* 28 U.S.C. § 1915A(a).  Any portion of a Complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for

1

money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## The Complaint

Plaintiff makes the following allegations in the Complaint: Plaintiff was placed in segregation under investigative status by John Doe #1 and Piper on February 26, 2019 (Doc. 9, p. 12). John Doe #1 and Piper refused to provide Plaintiff with his property, including his dentures and eyeglasses. He was denied his personal property as a result of a policy by internal affairs officers of improperly denying inmates in investigative segregation access to their personal property as a form of punishment. Lashbrook and Rob Jeffreys were aware of these policies and did nothing about it (*Id.* at pp. 12-13). Plaintiff informed Jane Doe #1, Mrs. K, West, Crawforth, Piper, and Fisher that he needed his dentures and that without them, his gums would be bruised and swell (*Id.* at p. 14). As a result of not having access to his dentures, Plaintiff suffered from bruising and swelling which caused him pain. He was also not able to eat certain foods without his dentures and was not able to eat at all on certain occasions, which caused him to lose weight and to have constipation (*Id.* at pp. 14-15).

Plaintiff saw Jane Doe #1 and Mrs. K but they did not provide him with proper care because they are not dentists (*Id.* at p. 15). Mrs. K also failed to refer Plaintiff's threats of cutting himself to the mental health department, denying him care (*Id.* at p. 17). John Doe #2 and Wexford Health Sources, Inc. did not properly train Jane Doe #1 and Mrs. K to forward dental complaints to the dentist (*Id.* at p. 16). Wexford also has a policy of understaffing the healthcare unit which caused Plaintiff to not be properly referred to the dentist (*Id.* at p. 17).

Based on the allegations in the Complaint, the Court finds it convenient to organize the *pro se* action into the following Counts:

> **Count 1:** Eighth Amendment deliberate indifference claim against Brookhart, Jeffreys, John Doe #1, West, Piper, Crawforth, John Doe #2, Mrs. K, Jane Doe #1, Fisher, and Wexford Health Sources, Inc., for denying him access to his eyeglasses and dentures.
>
> **Count 2:** Intentional infliction of emotional distress claim against John Doe #1, Piper, Fisher, West, Crawforth, Brookhart, and Jeffreys for denying him access to his eyeglasses and dentures.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.  **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[1]

## Count 1

Plaintiff adequately states a viable deliberate indifference claim against Piper, Crawforth, West, Fisher, Mrs. K, Jane Doe #1, and John Doe #1.  He also alleges that Lashbrook and Jeffreys were aware of these actions and turned a blind eye to the Internal Affairs officers' conduct.  *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Chatham v. Davis*, 839 F.3d 679, 684 (7th Cir. 2016); *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012) (delay in treatment).

Wexford cannot be liable on the basis of *respondeat superior* or supervisory liability because it is not recognized under § 1983.  *Shields v. Illinois Dep't of Corr.*, 746 F.3d 782, 789 (7th Cir. 2014) (*citing Iskander v. Village of Forest Park*, 690 F.2d 126, 128 (7th Cir. 1982)). Wexford can only be liable for deliberate indifference if an unconstitutional policy or practice of the corporation caused the constitutional deprivation.  Here, Plaintiff alleges that Wexford has a

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

policy of understaffing its healthcare unit and failing to train its nurses, and that these policies prevented him from receiving proper care. Therefore, his claim against Wexford will also proceed.

Plaintiff alleges that John Doe #2 Medical Director failed to properly train Mrs. K and Jane Doe #1. As such, he attempts to assert a *respondeat superior* claim against this individual which is not colorable under § 1983. *Chavez v. Illinois State Police*, 251 F.3d 612, 651 (2001); *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001). He does not claim that John Doe #2 was personally involved in his care. And, although he alleges that John Doe #2 failed to train the nurses properly, "failure to train claims are usually maintained against municipalities, not against individuals, and, in the Eighth Amendment context, such claims may only be maintained against a municipality." *Brown v. Budz*, 398 F.3d 904, 918 (7th Cir. 2005). Therefore, Plaintiff's claims against John Doe #2 will be dismissed.

Plaintiff is no longer housed at Lawrence Correctional Center. As such, his request for injunctive relief (Doc. 8, p. 21) is moot. *Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1996) (a prisoners request for injunctive relief is rendered moot by his transfer to another prison); *Koger v. Bryan*, 523 F.3d 789, 804 (7th Cir. 2008). Further, because he seeks solely monetary damages, his claims against Defendants in their official capacities will also be dismissed. *See Brown v. Budz*, 398 F.3d 904, 918 (7th Cir. 2005).

**Count 2**

Plaintiff states a viable claim against John Doe #1, West, Piper, Crawforth, Fisher, Brookhart, and Jeffreys for intentional infliction of emotional distress. *Somberger v. City of Knoxville, Ill.*, 434 F.3d 1006, 1030 (7th Cir. 2006); *see Lopez v. City of Chi.*, 464 F.3d 711, 720 (7th Cir. 2006).

**Motion for Appointment of Counsel**

In his Motion for Appointment Counsel (Doc. 8), Plaintiff states that he has written several attorneys but has not heard back from any of them. It is difficult to accurately evaluate the need for the assistance of counsel at this early stage of the litigation. *See Kadamovas v. Stevens*, 706 F.3d 843, 845 (7th Cir. 2013) ("[U]ntil the defendants respond to the complaint, the plaintiff's need for assistance of counsel ... cannot be gauged.").[2] The assistance of counsel is also not needed at this time because the defendants have not yet been served and a discovery schedule has not been entered. Accordingly, Plaintiff's Motion (Doc. 8) is **DENIED** without prejudice. Plaintiff may renew his request for the recruitment of counsel at a later date.

**Disposition**

**IT IS HEREBY ORDERED** that Count 1 shall proceed against Piper, Crawforth, West, Fisher, Mrs. K, Jane Doe #1, John Doe #1, Brookhart, Jeffreys, and Wexford, but is **DISMISSED without prejudice** as to John Doe #2. The Clerk is **DIRECTED** to **TERMINATE** John Doe #2 from the docket. Count 2 shall proceed against John Doe #1, West, Piper, Crawforth, Fisher, Brookhart, and Jeffreys.

The Clerk of Court shall prepare for Defendants Warden Brookhart, Rob Jeffreys, C/O Piper, C/O Crawforth, C/O West, Fisher, Nurse Mrs. K, Jane Doe #1, John Doe #1, and Wexford Health Sources, Inc.: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to the defendants' place of employment as identified by Plaintiff. If a defendant fails to sign and return the Waiver of

---

[2] In evaluating the motion for counsel, the Court applies the factors discussed in *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007), and related authority.

Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Service shall not be made on the Doe Defendants until such time as Plaintiff has identified them by name in a properly filed motion for substitution of party. Plaintiff is **ADVISED** that it is his responsibility to provide the Court with the name and service address for these individuals.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order**.

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days**

after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED: June 2, 2020**

*s/ Staci M. Yandle*_____
**STACI M. YANDLE**
**United States District Judge**

**Notice to Plaintiff**

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint.  After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint.  It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more.  When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures.  Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions.  Motions filed before defendants' counsel has filed an appearance will generally be denied as premature.  **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**