IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **FREDEAL TRUIDALLE, #K79979,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 19-cv-00743-SMY |
| ) | |
| **WARDEN BROOKHART, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Fredeal Truidalle, an inmate of the Illinois Department of Corrections, filed this action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. This case is before the Court on Defendant Wexford Health Sources, Inc.'s Motion to Dismiss as a sanction for Plaintiff's failure to disclose his full litigation history. (Doc. 22).

### Background

Plaintiff filed his Complaint using the civil rights complaint form approved for use in this district. (Doc. 1). The form includes a "Previous Lawsuits" section which required Plaintiff to list all lawsuits filed in federal and state court relating to his imprisonment. (Doc. 1, p. 3). Plaintiff listed only one lawsuit. (*Id.*). Following preliminary review under 28 U.S.C. § 1915A, the Complaint was dismissed for failure to state a claim for relief and Plaintiff was granted leave to file an Amended Complaint. (Doc. 7). Plaintiff filed an Amended Complaint but failed to list any lawsuits in the "Previous Lawsuits" section. (Doc. 9, p. 3).

### Discussion

Defendant contends that Plaintiff mispresented his litigation history as he had filed 4 lawsuits prior to this case, and requests that Plaintiff's claims be dismissed with prejudice for

providing false information to the Court. Plaintiff states that he was in segregation when another prisoner prepared the First Amended Complaint for him and he was unable to provide that prisoner with his litigation history. He also states that the high dose of psychotropic medication he takes caused him difficulty recalling all of his lawsuits. He argues that his omissions were neither intentional nor fraudulent.

"There is no doubt that courts have the power to dismiss a lawsuit with prejudice as a sanction when a party violates a discovery rule or disobeys a court order that allows the court to control its docket or manage the flow of litigation." *Greyer v. Illinois Department of Corrections*, 933 F.3d 871, 877 (7th Cir. 2019) (citing *Hoskins v. Dart*, 633 F.3d 541, 543 (7th Cir. 2011)). That power applies with equal force to a prisoner's failure to list his complete litigation history despite a complaint form that calls for such disclosure. *Id.* (citing *Hoskins*, 633 F.3d at 544). The Seventh Circuit, however, cautions against dismissal with prejudice as a sanction "in all but the most extreme situations." *Id.* Generally, those extreme situations exist if Plaintiff has committed fraud on the Court through the omission of his litigation history and the omissions were both intentional and material. *Id.* at 877-78.

This district's civil rights complaint form clearly required Plaintiff to list all prior lawsuits related to his imprisonment and warned that failure to comply could result in the dismissal of his Complaint. Nevertheless, Plaintiff failed to list a number of previously filed lawsuits. At least one of those cases resulted in a "strike" pursuant to 28 U.S.C. § 1915(g).[1] This is a material omission. *Id.* at 880 ("If an undisclosed past case was dismissed as frivolous, malicious, or failed to state a claim…then omission of that case is material.").

Plaintiff is not excused from failing to disclose his litigation history because his First

---

[1] *Truidalle v. Godinez, et al.*, 1:15-cv-01083-JBM, Doc. 21 (C.D. Ill. June 9, 2015).

Amended Complaint was drafted by another prisoner. He signed both the Complaint and the First Amended Complaint certifying the truth of the pleadings and neither included his full litigation history. That said, the Court does not find that the omissions were intentional, perpetrated a fraud on the Court, or otherwise warrant the severe sanction Defendant requests. It is possible that Plaintiff failed to recall the full extent of his litigation history due to the high dose of his psychotropic medication or for other non-illicit reasons. Further, none of Plaintiff's prior lawsuits are currently pending and there's no apparent overlap between them and Plaintiff's allegations in this case. While he has incurred one strike, that did not impede his ability to proceed *in forma pauperis* under 28 U.S.C. § 1915(g).

## Disposition

Defendant Wexford Health Sources, Inc.'s Motion to Dismiss (Doc. 22) is **DENIED**. However, Plaintiff is **WARNED** that he remains under an obligation to fully and accurately disclose his litigation history to the best of his ability in any future Complaints relating to his imprisonment and that failure to do so may result in dismissal.

**IT IS SO ORDERED.**

**DATED: June 29, 2020**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**